IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHANNON DARDAR AND ANTHONY DARDAR, | § § § | |
| | § | Civil Action No. _____ |
| Plaintiffs, | § § | |
| v. | § | Jury Trial Demanded |
| | § § | |
| GREEN HARBORS, LLC, COSTA ENVIRONMENTAL SERVICES, LLC, MIKE EVANS, and TRUIT ACOSTA. | § § § § | |
| Defendants. | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Shannon Dardar and Anthony Dardar (sometimes collective referred to as "Plaintiffs") bring this action against Defendants Green Harbors, LLC, Costa Environmental Services, LLC, (sometimes collectively referred to as "Defendants"), Mike Evans, and Truit Acosta and respectfully alleges as follows:

### INTRODUCTION

1. Plaintiffs bring this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act"), for, *inter alia*, unpaid minimum wage and overtime wages, liquidated damages, penalty wages, and attorney's fees and costs.

### THE PARTIES

2. Ms. Dardar is an individual residing in St. Tammany Parish, Louisiana. Ms. Dardar was employed with Defendants in connection with their work on the Violet Canal Maintenance Project. Ms. Dardar's consent to join is attached hereto as "Exhibit A."

1

3. Mr. Dardar is an individual residing in St. Tammany Parish, Louisiana. Mr. Dardar was employed with Defendants in connection with their work on the Violet Canal Maintenance Project. Mr. Dardar's consent to join is attached hereto as "Exhibit A."

4. Defendant Green Harbors, LLC ("Green Harbors") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Mike Evans, 6 Fernwood Street, Gretna, LA 70056.** Green Harbors is an "employer" within the meaning of the FLSA and the Wage Payment Act.

5. Defendant Costa Environmental Services, LLC ("Costa") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Truit Acosta, 304 Sandy Brooks Circle, Madisonville, LA 70447.** Costa is an "employer" within the meaning of the FLSA and the Wage Payment Act.

6. Defendant Mike Evans is a corporate officer of Green Harbors and is an "employer" within the meaning of the FLSA and the Wage Payment Act.

7. Truit Acosta is a corporate officer of Costa and is an "employer" within the meaning of the FLSA and the Wage Payment Act

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

9. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

**FACTUAL ALLEGATIONS**

10.   At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA and had more than $500,000 in annual gross revenues.

11.   At all times material hereto, Defendants have been employers and/or joint employers within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.   At all times material hereto, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13.   At all times material hereto, Plaintiffs were engaged in commerce or in the production of goods for commerce.

14.   Defendants' employees routinely handle goods or materials that have moved in, or were produced for, interstate commerce. All or some of these items were manufactured, in whole, or in part, outside of the state of Louisiana. Accordingly, they have moved in interstate commerce. The manufacturers of some or all of these items intended these items to be used in interstate commerce.

15.   Defendants directed and monitored the work of Plaintiffs and other workers. For example, Defendants hired, supervised, and evaluated Plaintiffs and set their rates of pay.

16.   Plaintiffs were dependent upon the income they earned from Defendants to earn a living.

17. Defendants hired Ms. Dardar to work at the straight-time rate of $25.00/hour. Defendants hired Mr. Dardar to work at the straight-time rate of $19.00/hour.

18. Defendants sometimes misclassified Plaintiffs as independent contractors when they were hired to provide services and labor in furtherance of Defendants' businesses.

19. Defendants sometimes paid Plaintiffs as W-2 employees.

20. Regardless of whether Defendants classified Plaintiffs as independent contractors or W-2 employees, Defendants did not pay them 1 ½ times their regular rate of pay as required by the FLSA.

21. In addition, Defendants did not pay Plaintiffs their straight-time rates for numerous hours worked.

22. Defendants' failure to pay Plaintiffs their straight-time rate violates the Louisiana Wage Payment Act. Plaintiffs have made demand to Defendants for the compensation owed to them as required by the Wage Payment Act, but Defendants still have refused to pay the wages owed to Plaintiffs.

23. Defendants' denial of straight-time pay, minimum wage, and overtime compensation to Plaintiffs is, and has been, willful and deliberate.

**FIRST CAUSE OF ACTION**
(Violations of the FLSA)

24. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

25. The FLSA requires employers to pay all non-exempt employees: (i) at least the federal minimum wage of $7.25 per hour for all hours worked, and (ii) overtime compensation for all hours worked over forty (40).

26. Defendants have violated the requirements of the FLSA by failing to pay minimum wage for all hours worked and overtime compensation to Plaintiffs for hours worked over forty (40) in a workweek as heretofore alleged.

27. Defendants have deprived Plaintiffs of lawful compensation by *inter alia,* failing to pay minimum wage for all hours worked overtime compensation for hours worked over forty (40).

28. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

29. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to damages equal to the amount of all uncompensated time, including minimum wage and overtime pay, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

30. Plaintiffs also seek reasonable attorney's fees and costs, as provided by the FLSA.

## **SECOND CAUSE OF ACTION**
(Violations of the Louisiana Wage Payment Act)

31. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

32. Plaintiffs previously have made several demands for their unpaid wages and, through the filing of this Complaint, make yet another demand for the wages owed to them.

33. Despite demand from Plaintiffs, Defendants have failed to pay them the wages due under the terms of their employment and after their termination within the time period prescribed by the Wage Payment Act.

34. Accordingly, Plaintiffs are not only entitled to recover their unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

35. Plaintiffs hereby demand a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth their Complaint, Plaintiffs respectfully request that this Court order the following relief:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated the rights of Plaintiffs under the FLSA;

(b) Award Plaintiffs unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA;

(c) Award Plaintiffs attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law;

(d) Award Plaintiffs unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act; and

(e) Award any other legal and equitable relief that this Court deems just and proper.

Dated: September 8, 2019                                Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By: s/Christopher L. Williams
Christopher L. Williams (T.A.)
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiffs*