UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANNON DARDAR, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-12492** |
| **GREEN HARBORS, LLC, ET AL** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that intervenor Chris Williams' **Motion for Appeal/Review of Magistrate Judge Decision** (Rec. Doc. 46), appealing the Magistrate Judge's Order of April 9, 2020 (Rec. Doc 44), which granted defendants' motion to enforce settlement is **DENIED**, and the settlement shall be enforced consistent with this opinion.

### BACKGROUND

This matter was originally filed by plaintiffs Shannon Dardar and Anthony Dardar against Green Harbors, LLC ("Green Harbors"), Costa Environmental Services, LLC, Mike Evans, and Truit Acosta for alleged violations of the Fair Labor Standards Act ("FLSA") in connection with the plaintiffs' employment at the Violet Canal Maintenance Project. On December 2, 2019, plaintiffs' original attorney, intervenor Chris Williams, filed his motion to set status conference, or in the alternative to withdraw as counsel for plaintiff Shannon Dardar, and a notice of lien for attorney's fees and costs.

The court held a status conference on January 9, 2020, at which time the motion to withdraw as counsel for both plaintiffs was granted. The parties, who indicated a willingness to settle, were directed to schedule a settlement conference with the Magistrate Judge, and to allow

Williams to participate so that his lien could be settled in tandem with the main demand. The parties headed as a group to the Magistrate Judge's chambers intending merely to schedule the conference, but fortuitously, she was able to conduct the conference then and there. The parties reached a settlement during the conference that included an amount for Williams' fees, which was placed on the record, and counsel for Green Harbors undertook the task of drafting final settlement documents reflecting the agreement.

     Unfortunately, the parties could not agree on the terms for the written agreement, despite the availability of the transcript of the settlement conference to resolve any discrepancies or confusion. On February 14, 2020, Mike Evans and Green Harbors filed their motion for status conference and to enforce settlement. On April 9, 2020, the Magistrate Judge took up the motion in a telephone status conference, and granted the motion to enforce the settlement. Rec. Doc. 44. Williams filed the instant appeal from that order.

     After reviewing the parties' initial briefing, this court ordered counsel to make a joint submission of a proposed settlement agreement. For any term upon which the parties disagreed, counsel were directed to flag the objected to language and identify which party objected to the language, and to separately file memoranda addressing each contested provision, identifying by page and line the portion of the transcript of the settlement proceedings which they believed supported their position. The court, well aware that the parties disagreed on the terms, hoped to receive a single document revealing common ground and highlighting the contested provisions. Instead, counsel filed separate documents, stating they were compelled to do so because of their disagreement.

## DISCUSSION

*Standard of Review*

Pursuant to 28 U.S.C. § 636(b)(1)(A) a district judge may designate a magistrate judge to hear and determine any non-dispositive pretrial matter pending before the court. The district judge may reconsider the magistrate judge's rulings on these matters under a clearly erroneous standard of review. Id. Under 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to conduct hearings and submit to the district judge proposed findings of fact and recommendations for dispositive matters, which the district judge reviews de novo.

Further, "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." Id. at § 636(b)(3). A matter referred to a magistrate judge under § 636(b)(3) is "subject to review under the two standards of review set forth above." N.L.R.B. v. Frazier, 966 F.2d 812, 816 (3rd Cir.1992). The district judge employs a clearly erroneous standard if the matter referred to the magistrate judge is "more akin to a pretrial motion," but conducts a de novo review if the matter "closely resembles" a dispositive motion. Id.

In this matter, Green Harbor seeks to enforce a settlement agreement, and has requested that the court require the intervenor to execute an agreement, that disposes of the main demand and the intervention. As such, the court considers it dispositive and reviews it de novo.

*Applicable Law*

Louisiana Civil Code Article 3071 states: "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Article 3072 provides: "[a] compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." "A compromise is valid if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached." Perault v. Time Ins. Co., 633 So.2d 267, 268 (La. App. 1st Cir. 1993); Tarver v. Oliver H. Van Horn Co., Inc., 591 So. 2d 1366, 1369 (La. App. 1st Cir. 1991).

The court has reviewed the transcript of the settlement agreement and finds that at the time the settlement was reached, there was a meeting of the minds as to exactly what the parties intended. Accordingly, the parties are ordered to execute a settlement agreement that reflects the following elements, no more and no less, that were explicitly agreed to by them and transcribed at the time of the compromise:

• Defendants are to pay $8,700.00 to Shannon Dardar and Anthony Dardar to resolve all claims asserted or that could have been brought by Shannon Dardar and Anthony Dardar against them for any time at or anything related to the job at issue in this

case, including Anthony Dardar's medical claim.[1]

• From those proceeds, $3000.00 shall be paid to Chris Williams, in satisfaction of his fee claim. This is new money, over and above a prior $400.00 payment.[2]

• It shall be paid in two checks, one for $3000.00 payable to Chris Williams, and one for $5700.00 payable to the plaintiffs.[3]

• In exchange for the payment, Williams accepts it in full compromise for all of his work done on plaintiffs' claims,[4] and for a universal release among all the parties.[5]

• In exchange for the payment, Williams will release any claims related to attorney's fees, and any causes of action associated with the right to those attorney's fees, including any state law remedy for tortious interference with contract associated with his attorney fee claim.[6]

• Under the release, plaintiffs release any claims to Williams, and Williams releases any claims against plaintiffs and Green Harbors.[7] The court notes that no non-

---

[1] Sett. Conf. Transcr., 3:21-4:3; 7:7-9.

[2] Id. at 4:24-5:25.

[3] Id. at 7:15-20.

[4] Id. at 5:16-

[5] Id. at 6:5-6

[6] Id. at 7:21-8:5; 8:13-17, 9:4-9, 10:14-11:1.

[7] Id. at 9:15-17

parties were released in the settlement.

• Payment is due seven days following this court's approval of the settlement agreement.[8]

Counsel shall submit the executed settlement agreement and motion to approve the settlement within 14 days of entry of this order, unless they mutually agree upon an extension.

New Orleans, Louisiana, this  10th  day of June, 2020.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[8] Id. at 15:3-10. This portion of the transcript reflects that Dardar's counsel established that defendants could make the payment within 30 days of the date of the settlement conference, which was held on January 9, 2020, and that Williams agreed so long as that date was not longer than seven days after the court's approval of the motion, a caveat to which all present agreed. Id. at 15:11-16. Because 30 days since January 9, 2020 has long expired, the only relevant time frame is seven days from court approval.